## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| LARRY D. BROCK, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. G-06-0554 |
| | § | |
| BAKER HUGHES OILFIELD | § | |
| OPERATIONS, INC., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

The remaining defendant in this personal injury case, Baker Hughes Oilfield Operations, Inc., has moved for leave to amend its answer to allege that the conduct of third parties should be the basis of a comparative-fault submission to the jury. (Docket Entry No. 45). The plaintiff opposes the motion as too late. For the reasons set out below, the motion is granted.

**I.  The Legal Standard**

Rule 15(a) provides that a party may amend the party's pleading once without seeking leave of court or the consent of the adverse party at any time before a responsive pleading is served. After a responsive pleading is served, a party may amend only "with the opposing party's written consent or the court's leave." *Id.* Although a court "should freely give leave when justice so requires," FED. R. CIV. P. 15(a), leave to amend "is not automatic." *Matagorda Ventures, Inc. v. Travelers Lloyds Ins. Co.*, 203 F. Supp. 2d 704, 718 (S.D. Tex.

2000) (citing *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981)). A district court reviewing a motion to amend pleadings under Rule 15(a) may consider factors such as "undue delay, bad faith or dilatory motive . . . undue prejudice to the opposing party, and futility of amendment." *In re Southmark Corp.*, 88 F.3d 311, 314–15 (5th Cir. 1996).

Rule 16(b) states that scheduling orders "may be modified only for good cause and with the judge's consent." The Rule 16(b) "good cause" standard, rather than the "freely given" standard of Rule 15(a), governs a motion to amend filed after the deadline set in the scheduling order. *See Sw. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546–47 (5th Cir. 2003); *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535–36 (5th Cir. 2003); *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000); *E. Minerals & Chems. Co. v. Mahan*, 225 F.3d 330, 340 (3d Cir. 2000); *In re Milk Prods. Antitrust Litig.*, 195 F.3d 430, 437 (8th Cir. 1999); *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998) (per curiam); *Riofrio Anda v. Ralston Purina, Co.*, 959 F.2d 1149, 1154–55 (1st Cir. 1992); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607–08 (9th Cir. 1992); *SIL-FLO, Inc. v. SFHC, Inc.*, 917 F.2d 1507, 1518 (10th Cir. 1990). The Fifth Circuit recognizes that trial courts need "broad discretion to preserve the integrity and purpose of the pretrial order." *Geiserman v. MacDonald*, 893 F.2d 787, 790 (5th Cir. 1990) (quotations omitted). As the Eleventh Circuit has noted, "[i]f we considered only Rule 15(a) without regard to Rule 16(b), we would render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure." *Sosa*, 133 F.3d at 1419; *see also Johnson*, 975 F.2d at 610 ("Disregard of the [scheduling]

order would undermine the court's ability to control its docket, [and] disrupt the agreed-upon course of the litigation."); *Riofrio Anda*, 959 F.2d at 1155 (finding that permitting amendment under Rule 15(a) after scheduling order cutoff "would have nullified the purpose of Rule 16(b)(1)"). If amending the pleadings would require amendment of the scheduling order, both Rule 15 and Rule 16 apply.

The "good cause" standard focuses on the diligence of the party asking the court to modify the scheduling order. *Parker,* 204 F.3d at 340; *In re Milk Prods.,* 195 F.3d at 437; *Johnson,* 975 F.2d at 609; *Marcum v. Zimmer,* 163 F.R.D. 250, 254 (S.D. W.Va. 1995). The absence of prejudice to the nonmovant is relevant to Rule 15(a) but does not satisfy the "good cause" requirement of Rule 16(b). *Tschantz v. McCann,* 160 F.R.D. 568, 571 (N.D. Ind. 1995). "The good cause standard requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *S&W Enters.*, 315 F.3d at 535 (quoting 6A CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 1522.1 (2d ed. 1990)). In the context of a motion for leave to amend, the court may deny the motion if the movant "knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint." *Pallottino v. City of Rio Rancho*, 31 F.3d 1023, 1027 (10th Cir.1994) (quotations omitted); *see also Pope v. MCI Telecomms. Corp.*, 937 F.2d 258, 263 (5th Cir. 1991) (denying, under Rule 15(a)'s more lenient standard, a late-filed motion to amend a complaint to include claims based on same facts); *Sosa*, 133 F.3d at 1419 (denying leave to

amend under rule 16(b) when facts were known to plaintiff at time of first complaint); *Parker,* 204 F.3d at 340–41 (same).

If a movant establishes good cause to extend the pretrial scheduling order, or if there is no need to extend the scheduling order, the court decides whether to grant leave to file the amended pleading under Rule 15(a). *See Johnson*, 975 F.2d at 608; *Tschantz*, 160 F.R.D. at 571; *Am. Tourmaline Fields v. Int'l Paper Co.*, No. Civ. A. 3:96-cv-3363-D, 1998 WL 874825, at *2 (N.D. Tex. Dec. 7, 1998); *see also S&W Enters.*, 315 F.3d at 536 ("Only upon the movant's demonstration of good cause to modify the scheduling order will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave."). In deciding whether to grant leave to file an amended pleading under Rule 15(a), a district court may consider factors such as undue delay; bad faith or dilatory motive on the part of the movant; repeated failure to cure deficiencies by amendments previously allowed; undue prejudice to the opposing party; and futility of amendment. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993).

**II.     Analysis**

Brock alleges that he was injured in November 2005 while working on a fixed drilling platform off the coast of Louisiana in federal waters. When he was injured, Brock was an employee of Tetra Applied Technologies, Inc. Speciality Rental Tools & Supply L.P. employed the manifold operator on the rig. Apache Corporation operated the rig.

Neither the initial scheduling order nor the later amended scheduling orders set a deadline for amending pleadings. The case was filed in August 2006 against only Baker

Hughes.  In March 2007, the first amended complaint added claims against Apache Corporation and Speciality Rental Tools.  In May 2007, Speciality Rental Tools filed a third-party complaint against Tetra Applied Technologies.  Speciality Rental Tools also cross-claimed against Apache Corporation.  Shortly thereafter, Speciality Rental's claims against Apache Corporation and Tetra Applied Technologies were dismissed and Brock's claims against Speciality Rental and Apache Corporation were dismissed.  Brock continued to assert a right to receive LHWCA benefits from his employer, Tetra Applied Technologies.  In August 2007, new counsel appeared for the defendants.  In October 2007, this case was reassigned, and in November 2007, a new scheduling order was entered.  That scheduling order extended the discovery and expert designation deadlines, with Brock's agreement, and moved the trial date to March 2008.  In January 2008, Baker Hughes moved for leave to file a first amended answer.  The first proposed amended answer asserts that Brock's injuries resulted in whole or in part from the negligence or legal fault of Tetra Applied Technologies, Speciality Rental Tools, Apache Corporation, and the "company man" on the rig.

    The basis for, and need to, amend the answer to assert these claims did not arise until some discovery had occurred and the claims, third-party claims, and cross-claims against Tetra Applied Technologies, Speciality Rental Tools, and Apache Corporation had been dismissed.  Shortly after that occurred, there was a change of counsel for defendants and a change of court and judge.  These changes show good cause for the failure to amend earlier.  And the file shows no surprise to Brock, who had alleged that the conduct of the third parties,

5

Speciality Rental Tools and Apache Corporation, contributed to cause the injury, and then dismissed the claims.

Moreover, there is no need to amend the scheduling order because of the proposed amended answer. A plea in intervention has been filed by Liberty Mutual, the LHWCA carrier for Tetra Applied Technologies. In addition, Brock expects to depose the defense experts after their reports are received, which will likely not occur until February 7, 2008.

There is good cause for the delay in moving for leave to amend the answer, no surprise nor prejudice to Brock, and independent reasons that will likely require extending the scheduling order. The motion for leave to amend the answer is granted.

SIGNED on February 19, 2008, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge